IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3076-FL

SAMMY JUNIOR MORGAN,        )
                            )
        Plaintiff,           )
                            )
v.                          )    ORDER
                            )
MS. DEER, et al.,           )
                            )
        Defendants.         )

**FILED**

AUG 1 6 2010

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY ___KK___ DEP CLK

This matter comes before the court on defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE # 12). The issues raised in that motion are ripe for adjudication. For the following reasons, the court grants defendants' motion.

### STATEMENT OF THE CASE

On April 22, 2009, plaintiff brought this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants violated his rights pursuant to the First Amendment of the United States Constitution because his legal mail was opened outside of his presence. On September 29, 2009, defendants filed a motion to dismiss, arguing that plaintiff's complaint is without merit. Plaintiff filed a response on October 20, 2009.

### STATEMENT OF FACTS

Plaintiff states that on July 17, 2008, at Pasquotank Correctional Institution, he was called by defendants Deer and Brookins to retrieve his legal mail from the mail room. Plaintiff further states when he got to the mail room, he noticed that a letter he received from the North Carolina

Industrial Commission appeared to be opened and re-sealed with tape. Defendants Deer and Brookins allegedly explained to plaintiff that all of the mail that was received from the Industrial Commission on the day in question had been sealed in the same manner. Plaintiff then refused to sign the mail log book, claiming that the mail was opened by prison staff and re-sealed with tape. Officer McFields signed the mail log book as a witness that plaintiff failed to sign for his legal mail.

## DISCUSSION

A.   Standard of Review

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). It is not necessary, however, for the moving party to demonstrate that there is no set of facts which would entitle the non-moving party to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562 (2007). Rather, an adequately stated claim must be supported by showing any set of facts consistent with the allegations in the complaint in order to survive a motion to dismiss. Id. A court should not dismiss a complaint that states a claim, even if it appears that the chance of recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Republican Party, 980 F.2d at 952.

2

B.  Analysis

Defendants assert the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. 800 at 818. Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id. at 286. The Fourth Circuit has recognized a two-pronged qualified immunity inquiry:

> First, we must decide whether a constitutional right would have been violated on the facts alleged. Next, assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted). With respect to the second step, "[t]he relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, 555 U.S. __, 129 S.Ct. 808 (2009). A court has discretion to decide which step of the two-prong test to analyze first. Pearson, 129 S.Ct. at 821.

1.  Legal Mail Claim

Plaintiff contends that defendants Deer and Brookins violated his First Amendment rights because they opened a piece of his legal mail from the Industrial Commission outside of his presence. Legal mail may not be opened outside of the presence of the prisoner-addressee. Wolff v. McDonnell, 418 U.S. 539, 575 (1974). However, to state a claim for a constitutional violation,

3

a plaintiff must show actual harm by the opening. Lewis v. Casey, 518 U.S. 343, 352-54 (1996). Inmates must be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Id. at 351 (quotation omitted). The right to access the courts extends to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. Id. at 354-55. The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Id. at 353. The Court did not extend the holding to include the right to "litigate effectively once in court." Id. at 354 (disclaiming language in an earlier case suggesting otherwise).

Plaintiff alleges that the opening of his legal mail "could be why [his] case was closed on August 20, 2008." (Compl. 3.) However, plaintiff has not explained how the alleged opening of his legal mail contributed to the closing of his case. A complaint must contain factual allegations, otherwise the claim is nothing more than a bare assertion and frivolous. White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (stating minimum level of factual support required). Because plaintiff has not provided any factual support for his contention that the alleged opening of his legal mail contributed to the closing of his case, he fails to demonstrate that he was injured by the alleged opening of his legal mail.

In addition to failing to show that he was injured by the alleged opening if his legal mail, plaintiff does not allege any facts to show that this is anything other than an isolated incident. Isolated incidents of mail mishandling do not rise to the level of a constitutional violation. See ; Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (noting that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); Pearson v. Simms, 345 F. Supp. 2d 515, 519-20 (D. Md. 2003) (finding that "occasional incidents of delay or non-delivery of

4

mail" are not actionable under § 1983), aff'd, 88 F. App'x 639 (4th Cir. 2004); see also Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983) (suggesting that isolated incidents of opening mail does not state a cognizable § 1983 claim). Because plaintiff has failed to allege that the opening of his legal mail caused an actual injury or that it was anything more than an isolated incident, he fails to state a claim for denial of access to the courts. Therefore, plaintiff has not alleged a constitutional violation, and defendants are entitled to qualified immunity for this claim.

  2.  Supervisor Liability Claim

Plaintiff names defendants Bennett and Anderson, but only in their capacities as supervisors of the North Carolina Department of Correction. Defendants Bennett and Anderson argue that plaintiff's claim against them should be dismissed because it inappropriately is based upon the theory of *respondeat superior*, which generally is inapplicable to § 1983 suits. Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978). Supervisor liability, however, is applicable to § 1983 actions in certain cases. However, there is no liability under § 1983 on behalf of a supervisory official where there is no constitutional violation on the part of those supervised. Huggins v. Weider, 105 F. App'x 503, 506 (4th Cir. 2004) (citing Young v. City of Mt. Ranier, 238 F.3d 567, 579 (4th Cir. 2001)). The only defendants that were named in a non-supervisory capacity were defendants Deer and Brookins. This court found that defendants Deer and Brookins did not violate plaintiff's constitutional rights. Because plaintiff has not proven a constitutional violation, he has not established a supervisor liability claim. Therefore, defendants Bennett and Anderson are entitled to qualified immunity for this claim.

5

## CONCLUSION

For the foregoing reasons, defendants are entitled to qualified immunity as to all claims asserted by plaintiff. Defendants' motion to dismiss (DE # 12) is accordingly GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 10'" day of August, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge